MEMORANDUM ** 1. Alford argues that his trial testimony, and his statements made during his interrogation, should not be part of the harmless-error analysis because he might not have testified had he not been obligated to explain his erroneously-admitted statements. Alford, however, never suggested to the state courts that the introduction of the statements induced his trial testimony. Accordingly, this issue was not presented to the state courts and the California Court of Appeal’s harmless-error analysis was not contrary to Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). 2. The statements made during Alford’s interrogation were inculpatory to the extent that he placed himself with the victim and acknowledged doing “something” that could expose him to penological consequences. However, as the state court determined, his trial testimony provided the most compelling evidence of second degree murder. He testified in great detail to the events in the car, including striking the victim in the back of the head with a loaded gun. Our harmless-error analysis is guided by, among other factors, “the overall strength .of the prosecution’s case.” Ocampo v. Vail, 649 F.3d 1098, 1114 (9th Cir. 2011) (citation omitted); see also Brecht v. Abrahamson, 507 U.S. 619, 639, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (finding harmlessness in part because “the State’s evidence of guilt was, if not overwhelming, certainly weighty”). In light of Alford’s trial testimony, we are compelled to conclude that the erroneous introduction of his statements made during his interrogation did not have a “substantial and injurious effect or influence in determining the jury’s verdict.”[1] Brecht, 507 U.S. at 637, 113 S.Ct. 1710; see also Davis v. Ayala, — U.S. -, 135 S.Ct. 2187, 2198-99, 192 L.Ed.2d 323 (2015). REVERSED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. . In any event, the prosecutor’s primary use of the statements Alford made during interrogation was during the State's closing argument and for the purpose of impeaching Alford’s credibility. See Pollard v. Galaza, 290 F.3d 1030, 1033 (9th Cir. 2002) (voluntary statements taken in violation of Miranda "may be used for impeachment should the Defendant testify inconsistently”),